# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLAND CHARLES RITTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:15-cv-03271-MDH |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of his application for Disability Insurance Benefits. The Administrative Law Judge denied Plaintiff's claims and the Appeals Counsel subsequently denied Plaintiff's request for review of the ALJ's determination. Therefore, Plaintiff has exhausted his administrative remedies and the matter is now ripe for judicial review. The Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g).

## STANDARD OF REVIEW

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007) (citing *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999)). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.* (citing *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004)); *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial

evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.* (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (internal citations omitted). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

## ANALYSIS

The ALJ concluded that Plaintiff suffered from the following severe impairments: bilateral elbow osteoarthritis, sleep apnea, depression, obesity, cardiac dysrhythmia, and left shoulder arthritis. (Tr. 15). In the course of examining Plaintiff's severe mental impairments, the ALJ noted that Plaintiff has "moderate difficulties" in "concentration, persistence, or pace," and she concluded that Plaintiff has moderate limitations in "sustaining focus, attention, and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings." (Tr. 17). The ALJ found the following Residual Functional Capacity:

> [Plaintiff] has the residual functional capacity to perform light work . . . except that [Plaintiff] should avoid climbing ladders, ropes, scaffolding, and hazards; can occasionally climb ramps and stairs; should avoid concentrated exposure to cold, vibrations, dusts, odors, gases, and fumes; and the claimant is limited to performing simple, routine work with simple instructions.

(Tr. 18).

After examining the administrative record, including the medical records, the ALJ's decision, the hearing transcript, and the briefing, the Court concludes that the ALJ's determination is not supported by substantial evidence in the record as a whole. The Court believes the ALJ improperly injected her own interpretation of the medical records into the decision and failed to properly support her conclusions with medical evidence. Additionally, the ALJ did not fully justify her decision to discredit Plaintiff's subjective claims of limitations.

If the medical records presented do not provide sufficient medical evidence to determine whether a claimant is disabled, the ALJ must order additional medical examinations or tests to supplement the record. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). This remains true even if the claimant is represented by counsel. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004).

It is not improper for the ALJ to formulate her own conclusions based on the evidence. Indeed, that is the ALJ's primary role. However, the evidence must be sufficient in order to allow those conclusions to be drawn.

Of particular concern to the Court is the ALJ's decision to summarily conclude that Plaintiff's mental impairments "suggest that the [Plaintiff] does experience symptoms which cause some limitations, they do not suggest that he is incapable of performing any work." (Tr. 21). The ALJ provided a brief discussion of Plaintiff's prior treatment for his mental symptoms, but placed the primary focus on Plaintiff's physical symptoms and treatment. (Tr. 20). In August 2013, Plaintiff was referred by his treating nurse practitioner to a psychiatrist for his worsening mental symptoms. (Tr. 503-04). Plaintiff sought treatment at Burrell Behavioral Health, and had an initial psychiatric examination performed by Shirley Kolkmeyer, LPC, on September 27, 2013. (Tr. 506). The diagnostic impressions/conclusions indicated that Plaintiff suffered from

3

major depressive disorder, had recently broken up with an abusive girlfriend, had low self-esteem and suicidal ideations, but no plans or intent. (Tr. 516). The examiner assigned Plaintiff a GAF score of 42 and recommended individual therapy. (Tr. 514, 516). Plaintiff's disability hearing was held less than one month later.

The ALJ did not discuss any of these findings as part of her decision, and simply injected her own impressions. The ALJ discredited Plaintiff's claims partially because "he has not sought the mental health treatment that one might expect given these allegations," even though Plaintiff had just begun the process of seeking proper mental health treatment and the initial results demonstrated severe mental challenges. (Tr. 21).

Given the general dearth of information specifically relating to Plaintiff's ability to function in light of his mental impairments and the initial impressions of Ms. Kolkmeyer, the Court cannot conclude that substantial evidence exists in the record that supports the ALJ's decision. The ALJ should have ordered a consultative examination be performed on Plaintiff regarding his mental capabilities. (Tr. 21).

The Court also finds error in the ALJ's decision to discredit Plaintiff's subjective claims. While the ALJ is not required to explicitly and thoroughly discuss every *Polaski* factor when discrediting a claimant's testimony, the ALJ must provide an explicit discussion of each reason that justifies discrediting the testimony. *Karlix v. Barnhart*, 457 F.3d 742, 748 (8th Cir. 2006). The ALJ appears to insinuate that Plaintiff's daily activities discredit at least some of his claims, but does not go on to elaborate and explain how they discredit Plaintiff. Furthermore, the only explicit statement by the ALJ discrediting Plaintiff points to his objective medical history, which is not, by itself, a sufficient justification. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). It is particularly important for the ALJ to explain why a Plaintiff should be discredited

4

when the ALJ discredits a physician's opinion partially due to Plaintiff's lack of credibility. The decision to discredit the opinion of Dr. Shoemaker may have been proper, but using Plaintiff's lack of credibility to reject the opinion requires a thorough explanation justifying that decision. Therefore, on remand, the ALJ must provide a clear, explicit explanation justifying the decision to discredit Plaintiff's subjective claims and, by extension, the opinion of Dr. Shoemaker.

## CONCLUSION

For the reasons set forth herein, the Court finds the Commissioner's decision is not supported substantial evidence on the record as a whole. Accordingly, the Commissioner's decision denying benefits is **REVERSED** and **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED:**
Date: September 30, 2016

          */s/ Douglas Harpool*_____
          **DOUGLAS HARPOOL**
          **UNITED STATES DISTRICT JUDGE**